## In re Road in East Donegal Township.

The Act of Assembly requires road viewers to be sworn to perform their duties "impartially and to the best of their judgment." The report of the viewers set forth that they were "severally sworn or affirmed," in pursuance of the order of the court. *Held*, that this was sufficient.

May 17th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Certiorari to the Court of Quarter Sessions of *Lancaster county* : Of May Term 1879, No. 173.

A number of citizens of East Donegal township, Lancaster county, petitioned the Court of Quarter Sessions to appoint viewers to lay out a road as designated in said petition. After due public notice of the time and place of meeting, the viewers appointed in pursuance of said petition met and laid out a road. Their report was filed and confirmed *nisi*. Exceptions were filed thereto, the first of which the court, Livingston, P. J., sustained, which was the error assigned upon taking out this writ. The exception will be found in the opinion of this court.

*B. Frank Eshleman*, *S. H. Reynolds* and *H. M. North*, for petitioners.—Is it not prima facie sufficient where the viewers say : "And having all been first severally sworn or affirmed, in pursuance of the said order, we have viewed and laid out," &c., &c., to satisfy the court that they were sworn or affirmed in all respects as the law requires, in the absence of evidence to show that they were sworn or affirmed in some other way, or that their certificate is untrue.

The law presumes that the officer did his duty, that the oath prescribed in such cases was duly administered, and the attestation of the officer is prima facie sufficient; he is not required to write out the form, and certify that thus and so he swore or affirmed the individual.

A statement that the viewers were sworn " according to law" is prima facie sufficient: Wayne Township Road, 33 Leg. Int. 322. The Cambria Street Case, 25 P. F. Smith 357, is distinguishable.

In the Cambria Street Case, GORDON, J., said, " The proceedings showed affirmatively that the oath had not been properly taken or order issued."

[In re Road in East Donegal Township.]

. *J. W. Johnson* and *George M. Kline*, for defendants in error.— It will certainly not be presumed that officers of this character did their duty in exact accordance with law. There is no such legal presumption in such a case. The rule which applies to the proceedings of a court cannot possibly be extended to such a body as viewers.

The duties of jurors are clearly defined by the Act of 1836, fifty-third section. They are vested with certain powers, preliminary to the exercise of which certain steps are necessary to give validity to their proceedings. Before they proceed to the duties of their appointment they must respectively make oath or affirmation " to perform the same impartially and according to the best of their judgment:" Cambria Street Case, *supra*. To say that they were sworn or affirmed is not according to law.

Mr. Justice PAXSON delivered the opinion of the court, June 9th 1879.

We have but a single assignment of error here, and that alleges that the court below erred in sustaining the first exception filed to the report of the viewers. The exception referred to is as follows : " The jurors were not affirmed, as is required by law and by the order of the court under which they were acting, which requires them to be sworn or affirmed to perform the duties of their appointment impartially, and to the best of their judgment." The report of the viewers sets forth : "That having been present together at the view of the ground proposed for such road, and having all been first severally sworn or affirmed in pursuance of the said order we have viewed and laid out, and do return for public use the following road," &c. The case of Cambria Street, 25 P. F. Smith 357, is relied upon to sustain the ruling of the court below. It was there held that where the report of the viewers set forth that they had been sworn "to the faithful discharge of their duties," it was insufficient, the Act of Assembly requiring , them to be sworn to perform their duties "impartially and to the best of their judgment." This was simply following in a line of authorities which hold that where in a judicial proceeding an Act of Assembly prescribes a certain form of oath, and the record shows that such form had been departed from in a material part, the proceeding will be set aside by reason thereof. Thus, in Thompson *v.* White, 4 S. & R. 235, the award of the arbitrators was set aside because the record disclosed the fact that in the oath of the appellant the word "firmly" was omitted; the Act of 1810 requiring him to swear that he "firmly believes injustice has been done." On the other hand we have the recent case of Wayne Township Road, not yet reported (but see Leg. Int., vol. 33, p. 322), in which it was held that a statement of the viewers in their report that they were sworn "according to law," is prima facie sufficient. We do not regard this case as in conflict with those above cited. Wherever it

appears affirmatively upon the face of the record that the jurors were not properly sworn, of course the report must be set aside. But where on the contrary the record sets forth that the jury were "sworn according to law," we must presume until the contrary appears, that they were sworn in the manner prescribed by the Act of Assembly. The maxim, *omnia præsumuntur rite esse acta,* may properly be applied in such cases. This is a matter of daily practice in judicial proceedings. There are many instances in which prescribed forms of oath are required, where the record merely says "sworn" or "affirmed." If we may presume regularity in this respect in proceedings in the Oyer and Terminer, where a man is upon trial for his life, we may safely extend it to the report of a road jury in the Quarter Sessions. Here the viewers report that they were severally sworn or affirmed, and it requires no straining of their language to say they "were severally sworn or affirmed in pursuance of said order." We are of opinion that something is due to the presumption of regularity, and that prima facie the oath is sufficient.

The order of the Quarter Sessions setting aside the report of the viewers is reversed; the exceptions filed to said report are dismissed, and the report confirmed; the costs to be paid by the exceptants.